**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 12-00320 VAP (SPx)                              Date:  March 15, 2012

Title:       FEDERAL HOME LOAN MORTGAGE CORP. -v- VERONICA MENDEZ
================================================================
PRESENT:     HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

|  Marva Dillard        | None Present      |
|  Courtroom Deputy     | Court Reporter    |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:     MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE, DENYING AS MOOT PLAINTIFF'S MOTION TO REMAND (DOC. NO. 5), AND VACATING APRIL 16, 2012, HEARING (IN CHAMBERS)

    On March 2, 2012, alleging that this Court has federal question jurisdiction over the instant case, Defendant Veronica Mendez removed the above-captioned unlawful detainer action to this Court from the California Superior Court for the County of Riverside.  For the following reasons, the Court REMANDS this action to the California Superior Court for the County of Riverside, DENIES AS MOOT Plaintiff Federal Home Loan Mortgage Corp.'s Motion to Remand (Doc. No. 5), and VACATES the April 16, 2012, Hearing on Plaintiff's Motion.

EDCV 12-00320 VAP (SPx)
FEDERAL HOME LOAN MORTGAGE CORPORATION v. VERONICA MENDEZ
MINUTE ORDER of March 15, 2012

    Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

    Defendant alleges the basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, but specifies no federal question in her Notice of Removal whatsoever.  From the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).  Without a federal question, there is no federal question jurisdiction.  Accordingly, the Court REMANDS this matter to the California Superior Court for the County of Riverside, DENIES AS MOOT Plaintiff's Motion to Remand (Doc. No. 5), and VACATES the April 16, 2012, hearing on Plaintiff's Motion.

    **IT IS SO ORDERED.**